DETROIT LEATHER SPECIALTY CO. *v.* MICHIGAN CENTRAL RAILROAD CO.

EMINENT DOMAIN — RAILROADS — NECESSITY OF COMPENSATION— PRIVATE WAY.

> By the term "private way," used in section 6234, 2 Comp. Laws, is meant all private ways, however created, and not merely roads laid out as private roads under statutory provisions; and where a deed conveying land contains also a grant of "right of way for all purposes for which a public alley can be used, over a strip of land" adjoining the land conveyed, a railroad company purchasing the strip with full notice of the prior grantee's rights cannot build a track along the strip without first compensating such grantee.

Appeal from Wayne; Rohnert, J.    Submitted April 12, 1907.    (Docket No. 72.)    Decided October 4, 1907.

Bill by the Detroit Leather Specialty Company against the Michigan Central Railroad Company and others to restrain an encroachment upon a private right of way. From a decree dismissing the bill, complainant appeals. Reversed, and decree entered for complainant.

*Bethune Duffield*, for complainant.

*N. E. Slaymaker* and *Gray & Gray*, for defendants.

McALVAY, C. J.    Complainant, a Michigan corporation, purchased from George L. Beecher, December 15, 1900, a certain part of an unplatted portion of what was known as the Brevoort farm in the city of Detroit, described by metes and bounds, "together with the right of way for all purposes for which a public alley can be used, over a strip of land twenty (20) feet in width next adjoining the above-described land on the westerly and northerly sides thereof."    Complainant agreed to pay $2,500 for said property, and erect thereon a building worth $5,000. It immediately went into possession of the premises, erected the factory, and has ever since possessed, maintained, and operated the same.    Prior to this purchase, another parcel of this land, 40 feet wide and 130 feet deep, next adjoining along the entire southerly line of complainant's land, had been sold to other parties.

On August 29, 1902, Beecher and wife conveyed to defendant Michigan Central Railroad Company a strip of land running from its right of way on the south, northerly, and in its course passing over the entire length of complainant's right of way on the west side of its property, and including the whole of it, to be used for a railroad right of way, for the purpose of constructing thereon a side track for railroad purposes.    Said quitclaim deed recited that "the northerly 204 feet of said strip being

subject to an easement for all purposes of a public alley in favor of the owners and occupants of the premises adjoining the same." Said right of way was granted subject to certain agreed terms as to the time the side track should be constructed. Upon southern portions within 60 and 90 days, "and upon the remainder of the right of way, to wit, the said northerly 204 feet thereof, upon the surrender and abandonment by the owners and occupants of the premises adjoining the same of their said easement." This 204 feet at the northerly end is that portion of the right of way passing along immediately west of complainant's premises and the parcel 40 feet wide joining it upon the south, and which covers the entire right of way west of its property which it acquired by purchase from Beecher.

In November, 1902, Beecher recorded a plat of these premises. Upon this plat complainant's premises are identical with lot 19. A strip 20 feet wide is laid off back of it. On this strip south of the north 204 feet is printed "M. C. R. R. land. Not included in plat." On the north side of complainant's premises is a public alley 20 feet wide.

Without notice to complainant, some of defendants on May 3, 1906, began to take proceedings to get permission to construct a side track across the public alley last named, and on June 28, 1906, without permission or any agreement between complainant and any of defendants, and without taking any proceedings to acquire complainant's rights in its private way, began to lay a track in the center thereof west of complainant's premises extending northerly along and past its premises and across the alley to the north thereof.

The bill of complaint in this case was filed June 30, 1906, and a temporary injunction issued restraining defendants from further constructing said track or using the same. The bill prays for a permanent injunction and for general relief. There is no dispute as to the material facts of the case. Upon a hearing in the circuit court a

decree was granted dissolving the injunction; the relief prayed for was denied, and the bill dismissed.

Complainant upon its appeal from such decree contends that its property has been taken without due process of law; that under the Constitution and laws of Michigan private property cannot be taken by a steam railway without lawful condemnation and compensation therefor; and also that defendant railroad company is estopped. from constructing its road because of the covenant in its deed from Beecher. The contention of defendants is that the railroad company is the owner of this strip of land subject to the easement of complainant, and has the right to use the same for any purpose that an owner of an unincumbered fee could make use thereof; provided they do not unreasonably obstruct complainant's easement.

We cannot agree with this proposition. Defendant railroad company is a public corporation, and the use to which it seeks to subject the right of way of complainant is for the purposes of a steam railway. It is not necessary for us to discuss or decide whether or not defendant's position would be tenable were this dispute between private owners of interests similar to those of these parties. It is admitted that complainant has vested rights in this easement or private way, but urged that it has not been ousted of such rights by the construction of a steam railway along such way. There is also no question but that defendant railroad company had full notice of complainant's rights. It is urged that the provisions of the general railroad law (2 Comp. Laws, § 6234) do not apply to ways of this kind, but that the term "private road," as used, applies only to such as are established under statutory provisions. Section 6234, 2 Comp. Laws, subd. 5, among other things, provides:

"But such railway shall not be constructed upon any public street, lane, alley, highway or private way until damages and compensation be made by the railroad company therefor to the owner or owners of property adjoining such street, lane, alley, highway or private way, and

opposite where such railroad is to be constructed, either
by agreement between the railroad company and each
owner or owners, or ascertain[ed] as herein prescribed
for obtaining property or franchises for the purpose of its
incorporation to be paid to the owner thereof, or deposited
as hereinafter directed."

Taking the use of the term "private way" in the above
quotation in connection with the words "public street,"
"lane," "alley," "highway,'" which it immediately
follows as the last of the different ways mentioned, we
cannot but say that the legislative intent is clear that no
statutory road was intended, as defendants argue.   The
legislature evidently intended to include all private ways
within the provisions of this subdivision of the section.
Giving this construction to this later provision of the sub-
division, we find that in order to give harmonious con-
struction to all of it, the term "private road" used in the
first sentence was not intended to be restricted in mean-
ing to those roads laid out as "private roads" under
statutory provision; but to  include all  private roads
and ways however created.   The right of way in dispute
would be a "private way" within the terms of this stat-
ute.   It follows that the defendant without right entered
upon this private way and proceeded to build and operate
its railroad.   Complainant was correct in contending that
this could not be done without compensation or condem-
nation.   The decree of the court below is reversed, with
costs of both courts, and a decree will be entered perpetu-
ally enjoining defendants from entering upon said way
for the purpose of building, using, and operating a rail-
road, and ordering defendant Michigan Central Railroad
Company to remove all its rails, ties, switches, and all
other materials placed thereon by it from the strip of
land 20 feet wide adjoining said lot 19 on the west, and also
to remove all such material from what is now known as
a public alley northerly from the northwest corner of lot
19 and within the limits of the grant of this right of way
from Beecher to complainant; all to be removed within

20 days after notice of said decree, and also within the same time to restore the said right of way to the same condition as when entered upon by said defendant, unless condemnation proceedings be sooner instituted.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.